IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICIA TAYLOR | : | |
| Plaintiff | : | |
| v. | : | Civil Action No: RDB-05-3196 |
| STATE OF MARYLAND, et al | : | |
| Defendants | : | |

. . .o0o. . .

**MEMORANDUM OPINION**

Pending is a 42 U.S.C. § 1983 civil rights complaint, as supplemented, filed by Plaintiff *pro se* Patricia Taylor, an inmate at the Federal Correctional Institution, Danbury, Connecticut in which she alleges that Defendants, the State of Maryland, Worcester County, and Talbot County violated her rights to due process and a speedy trial by failing to prosecute her on untried charges or dismiss them. Plaintiff contends she is ineligible to participate in an alcohol rehabilitation program at FCI Danbury due to these untried charges. She seeks dismissal with prejudice of any state charges and warrants against her. Defendants, by their counsel, have filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss with a supporting Memorandum.[1]

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*

---

[1] On March 29, 2006, the Court granted Plaintiff's request for additional time to reply. The extended time period has elapsed, and Plaintiff has not filed any reply.

*v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

To the extent Plaintiff seeks an Order from this Court requiring the State of Maryland to dismiss untried state charges against her, this complaint is more properly construed as a motion for writ of mandamus. Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. Federal district courts, however, have no mandamus jurisdiction over state employees. *See Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir. 1969).

Insofar as Plaintiff brings this action under 42 U.S.C. §1983 to redress alleged violations of her constitutional rights, the Eleventh Amendment provides that a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, see Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. For these reasons, the claim against the State of Maryland must be dismissed.

Plaintiff's cause of action against Worcester and Talbot County is also subject to dismissal. A county is considered a "person" that can be sued directly under §1983 for monetary, declaratory, or injunctive relief when alleged unconstitutional action executes governmental policy or custom.

*See Monell v. Department of Social Services,* 436 U.S. 658 (1978).  In this case, there is no allegation of an identifiable official policy and custom, and Plaintiff has failed to set forth a colorable §1983 claim against the county defendants.  Further, it is well-settled that federal inmates do not have a protected liberty interest in eligibility for federal programs.  *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976). [2]

      Accordingly, the complaint will be dismissed without prejudice.  A separate Order follows.


April 26, 2006                               /s/
  DATE                                    RICHARD D. BENNETT
                                        UNITED STATES DISTRICT JUDGE

---

[2]    If Plaintiff's intent is to dismiss a detainer against her, the proper legal vehicle for obtaining relief is by way of writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 485-486 (1994).  The Interstate Agreement on Detainers (IADA) does not apply to detainers based on parole or probation violation charges. *See Carchman v. Nash*, 473 U.S. 716, 725-28 (1985). Review of the complaint indicates that Petitioner's outstanding charges are for parole and probation violations.  Accordingly, the time period prescribed under the IADA would not apply here, and there is no merit to Petitioner's speedy trial claim.